## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Michael Gutman, *on behalf of himself and all others similarly situated*, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| Ember Technologies, Inc., | |
| Defendant. | |

Plaintiff Michael Gutman (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, brings this Class Action Complaint against Defendant Ember Technologies, Inc. as follows:

## <u>INTRODUCTION</u>

1.     Plaintiff brings this class action for damages resulting from the illegal actions of Defendant Ember Technologies, Inc. ("Defendant" or "Ember"). Defendant placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's requests for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

2.     Defendant is a California-based company that manufactures and sells coffee mugs, baby bottles and other products that are battery-heated with Ember's "patented temperature control technology." *See* https://ember.com/pages/ourstory (last visited May 2, 2025). Ember advertises its products and sales promotions via an aggressive telemarketing campaign where it repeatedly sends text messages to telephone numbers that have been placed on the National Do-Not-Call Registry for at least 30 days and over the messaged party's objections.

3.    Indeed, despite Plaintiff registering his telephone number on the National Do-Not-Call Registry and messaging Ember to "Stop" contacting him, Ember placed repeated telemarketing text messages encouraging Plaintiff to purchase its products and visit its website (e.g., "Ember: Hi there! Your 10% off expires soon! Don't miss out wide code: XT6GGK45. Shop now: https://kly4.io/VWvibc").

4.    This action seeks to certify the following two classes:

**Internal Do Not Call List Class**: All persons within the United States who from four years prior to the filing of this action (1) received two or more text messages from Ember or anyone acting on Ember's behalf, (2) within any 12-month period, (3) for the purpose of encouraging the purchase of Ember's products and/or services, and (4) including at least one of those text messages being placed after such person requested that Ember stop texting.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

## JURISDICTION

5.    Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

6.    The Court has personal jurisdiction over Defendant and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District and received the text messages that form the basis of Plaintiff's claims within this District.

## PARTIES

7.     Plaintiff is an adult individual residing in Staten Island, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

8.     Defendant, Ember Technologies, Inc., is a Delaware business entity with a principal place of business at 4607 Lakeview Canyon Road, Suite 500, Westlake Village, California 91361, and is a "person" as defined by 47 U.S.C. § 153(39).

## OVERVIEW OF THE TCPA

9.     The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10.     A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

12.     In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

13.     Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217,

1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers"); *see also, e.g., Boardman v. Green Dot Corp.*, 2021 WL 3699856, at *3 (W.D.N.C. Aug. 19, 2021) ("a cellphone may plausibly be alleged as residential for purposes of the TCPA.").

14.    "Defendants in TCPA actions may be held either directly or vicariously liable for making calls." *Van Baalen v. Mut. of Omaha Ins. Co.*, 729 F. Supp. 3d 1239, 1246 (D.N.M. 2024). "Direct liability is imposed upon persons that make a telephone call or text." *Id.* (cleaned up). "Vicarious liability attaches where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller." *Id.* "In short, for a person to make a call under the TCPA, the person must either (1) directly make the call, or (2) have an agency relationship with the person who made the call." *Id.* Thus, "[a] party who engages a third-party telemarketer may be held vicariously liable under federal common law agency principles for a TCPA violation." *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 325 (D. Mass. 2020) (collecting cases).

## THE NATIONAL DO-NOT-CALL REGISTRY

15.    The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16.    A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

4

17.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

18.    In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

19.    Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers"); *Hudson v. Palm Beach Tan, Inc.*, 2024 WL 4190513, at *3 (M.D.N.C. Aug. 12, 2024), *report and recommendation adopted,* 2024 WL 4188310 (M.D.N.C. Sept. 13, 2024) ( "the vast majority of recent cases that have considered this issue . . . have found that a cell phone may plausibly be alleged in a complaint to be residential, and thus covered by the TCPA").

**PLAINTIFF'S FACTUAL ALLEGATIONS**

20.    Plaintiff registered his residential cellular telephone number, 347-XXX-1501 (the "1501 Number") with the National Do-Not-Call Registry on July 15, 2021.

21.    At all relevant times, Plaintiff used the 1501 Number for personal and residential purposes.

22.    Within the last four years Ember began sending telemarketing text messages to Plaintiff's 1501 Number.  As depicted in the below screenshots, Ember's text messages encourage Plaintiff to purchase Ember's products and visit Ember's website where it sells its products. *See, e.g.*:

 

23.    On February 8, 2024, Plaintiff messaged "Stop" to Ember. In response, Ember messaged Plaintiff that he was "unsubscribed from messaging. No more messages will be sent."

24.     However, despite Plaintiff's unequivocal instructions that Defendant stop all text messages, beginning in April 2025 Ember began placing additional telemarketing text messages to the 1501 Number.

25.     By messaging "Stop" to Ember, Plaintiff terminated any established business relationship that could have existed between the Parties.  Indeed, a "subscriber's seller-specific do-not-call request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

26.     None of Defendant's messages to Plaintiff's were for an emergency purpose.

27.     Plaintiff was damaged by Defendant's unconsented text messages.  In addition to using Plaintiff's telephone data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

## CLASS ACTION ALLEGATIONS

### A.  The Class

28.     Plaintiff brings this case as a class action on behalf of himself and all others similarly situated.

29.     Plaintiff represents, and is a members of the following classes (the "Internal Do Not Call List Class" and the "Do Not Call Registry Class" (collectively the "Classes")):

**Internal Do Not Call List Class**: All persons within the United States who from four years prior to the filing of this action (1) received two or more text messages from Ember or anyone acting on Ember's behalf, (2) within any 12-month period, (3) for the purpose of encouraging the purchase of Ember's products and/or services, and (4) including at least one of those text messages being placed after such person requested that Ember stop texting.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

30.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the classes but believe the class members number in the thousands, if not more.  Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B.  Numerosity**

31.     Upon information and belief, Defendant placed telemarketing messages to thousands of telephone numbers, including numbers registered on the National Do-Not-Call List, where it lacked prior express written consent to place such messages and/or such persons had previously asked Defendant to cease messaging them.  The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**C.  Common Questions of Law and Fact**

33.     There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members.  These questions include:

a.  Whether    Ember's    messages    constitute    "telephone    solicitations"    or "telemarketing" under the TCPA;

8

b.  Whether Defendant can meet its burden of showing it obtained prior written consent to place each telemarketing message;

c.  Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

d.  Whether Ember continued to send telemarketing text messages after being asked to stop;

e.  Whether Ember maintains an internal do-not-call list and instructs its employees on how to use the list;

f.  Whether Ember had any processes or protocols in place to stop texts to persons who asked that the messages stop;

g.  Whether Ember had the required policies and procedures in place to honor do-not-call requests;

h.  Whether Ember routinely honors such requests;

i.  Whether Ember engaged in abusive telemarketing practices;

j.  Whether Defendant's conduct was knowing and/or willful;

k.  Whether Defendant is liable for damages, and the amount of such damages; and

l.  Whether Defendant should be enjoined from such conduct in the future.

34.    The common questions in this case are capable of having common answers.  If Plaintiff's claims that Defendant routinely placed telemarketing text messages telephone numbers registered on the National Do-Not-Call Registry, and/or over requests to stop the messages, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D.  Typicality

35.      Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E.  Protecting the Interests of the Class Members

36.      Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F.  Proceeding Via Class Action is Superior and Advisable

37.      A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

### COUNT I
### VIOLATIONS OF THE TCPA
### (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))
### On Behalf of the Do Not Call Registry Class

38.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.      Plaintiff brings this claim on behalf of himself and the Do Not Call Registry Class.

40.      47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.  Such do-not-

call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

41.     The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

42.     Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

43.     Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

44.     Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

45.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

46.     Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA; and

- Defendant initiated more than one telephone solicitation text call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

## COUNT II
## WILLFUL VIOLATIONS OF THE TCPA
## (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))
## On Behalf of the Do Not Call Registry Class

47.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

48.     Plaintiff brings this claim on behalf of himself and the Do Not Call Registry Class.

49.     Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

50.     Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

51.     Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

52.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

53.     Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members'

telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry.

**COUNT III**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(d)(3))**
**On Behalf of the Internal Do Not Call List Class**

54.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55.    Plaintiff brings this claim on behalf of himself and the Internal Do Not Call List Class.

56.    47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

57.    The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

58.    Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period

where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

59.    Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

60.    Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

61.    Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

62.    Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA; and

- Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

### COUNT IV
### Willful Violations of the Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(d)(3))
### On Behalf of the Internal Do Not Call List Class

63.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

64.    Plaintiff bring this claim on behalf of himself and the Internal Do Not Call List Class.

65.     Defendant deliberately failed to honor "Stop" requests.  Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

66.     Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

67.     Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

68.     Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

69.     Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons who had previously made a do-not-call request

to Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A.  An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

B.  Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

C.  Statutory damages of $500.00 for each and every text message in violation of the TCPA;

D.  Treble damages of up to $1,5000.00 for each and every text message in willful and/or knowing violation of the TCPA;

E.  An injunction requiring Ember to comply with 47 C.F.R. § 64.1200(d) by

    1) maintaining the required written policies;
    2) providing training to their personnel engaged in telemarketing;
    3) maintaining a do-not-call list;
    4) and such further and other relief as the Court deems necessary.

F.  An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and

G.  Such other and further relief as may be just and proper.

### **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 2, 2025                    Respectfully submitted,

               By    */s/ Sergei Lemberg*
                      Sergei Lemberg
                      LEMBERG LAW, L.L.C.
                      43 Danbury Road, 3rd Floor
                      Wilton, CT 06897
                      Telephone: (203) 653-2250
                      Facsimile:  (203) 653-3424
                      *Attorneys for Plaintiff*